# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JENNIFER E. FRANCIS,**
        **Petitioner,**

   **v.**                                                     **Case No. 06-C-0810**

**ANA BOATRIGHT, Warden**
**Taycheedah Correctional Institute,**
        **Respondent.**

## DECISION AND ORDER

Petitioner Jennifer Francis filed this petition pursuant to 28 U.S.C. § 2254, challenging her confinement at Taycheedah Correctional Institute. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to the present petition under Rule 1(b), I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner was arrested and charged on multiple grounds after attempting to commit "suicide by cop" by taking hostages at a Kenosha, Wisconsin tavern. Petitioner pled no contest to one charge of armed robbery and guilty to six counts of first-degree reckless endangerment. She claims that she received ineffective assistance of counsel and that her rights were violated with respect to her plea to the armed robbery charge. Though petitioner does not clearly specify the federal constitutional rights thereby allegedly violated, she appears to rely on the Due Process Clause, the Fifth Amendment's prohibition against self-

incrimination and the Sixth Amendment right to effective assistance of counsel. Petitioner raises two sets of claims; one addressing the court proceedings and the second of which address the action of her trial counsel.

"When a defendant enters into a plea, she gives up both her Fifth Amendment right to be free from self-incrimination as well as her right to a trial before a judge and jury. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). When a defendant is not fairly apprised of the consequences of her plea, she may challenge it under the Due Process Clause. Santobello v. New York, 404 U.S. 257 (1971). Further, a petitioner may assert an ineffective assistance of counsel claim under Strickland by showing that his counsel's performance was deficient and that the deficient performance prejudiced the defense." Goodman v. Bertrand, ___ F.3d ___, 2006 WL 3071321, *4 (7th Cir. Oct. 31, 2006) (citing Strickland v. Washington, 466 U.S 668, 688 (1984)).

With respect to petitioner's challenges to the proceedings, she first asserts that she was denied her prescribed medication and medical treatment during pre-trial hearings, and that this denial rendered her incompetent to proceed. Next, she asserts that her rights were violated when the court failed to inform her that by pleading no contest to the charge of armed robbery she waived her defense of not guilty by insanity ("NGI"). Finally, she asserts that the court violated her due process rights by failing to assure that she understood the elements of the crime before she pled. Here, petitioner has alleged that her plea was not entered into knowingly or voluntarily and thus she may challenge her plea on federal habeas review. See Brady, 397 U.S. at 748.

With respect to petitioner's claims regarding trial counsel, she claims that her counsel acted ineffectively by (1) failing to request a competency evaluation and failing to inform the court that she was on medication; (2) turning down a plea without informing her; (3) coercing her into a plea which was not knowing voluntary or intelligent; (4) failing to discuss the elements of the crime of armed robbery; and (5) failing to withdraw her plea. Such allegations are sufficient to state a claim for ineffective assistance of counsel under Strickland.

Thus, I conclude that petitioner has stated cognizable constitutional claims, and I will permit her to proceed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits.

Petitioner is advised that she must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Steven Watters and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 6 day of November, 2006.

/s
LYNN ADELMAN
District Judge